LEXINGTON LAW GROUP
Mark N. Todzo, State Bar No. 168389
Abigail Blodgett, State Bar No. 278813
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
ablodgett@lexlawgroup.com

HALUNEN LAW
Melissa W. Wolchansky (pro hac vice granted)
80 South Eighth Street, Suite 1650
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
wolchansky@halunenlaw.com

*Attorneys for Plaintiffs REBEKAH BAHARESTAN and JENA MCINTYRE and the Putative Classes*

DRINKER BIDDLE & REATH LLP
Daniel J. Delaney (pro hac vice granted)
191 N. Wacker Drrive, Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1175
Facsimile: (312) 569-3175
daniel.delaney@dbr.com

*Attorneys for Defendant VENUS LABORATORIES, INC., dba EARTH FRIENDLY PRODUCTS*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH BAHARESTAN and JENA MCINTYRE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VENUS LABORATORIES, INC., dba EARTH FRIENDLY PRODUCTS, INC.,<br><br>Defendant. | Case No. 3:15-cv-03578-EDL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER**<br><br>Date:  November 3, 2015<br>Time:  9:00 a.m.<br>Dept.  Courtroom E<br>Judge: Hon. Elizabeth D. Laporte |

1    Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Standing
2  Order for all Judges in the Northern District of California – Contents of a Joint Case Management
3  Statement, plaintiffs Rebekah Baharestan and Jena McIntyre (collectively, "Plaintiffs") and
4  defendant Venus Laboratories, Inc., d/b/a Earth Friendly Products ("Defendant") (collectively, the
5  "Parties") hereby submit this Joint Case Management Conference Statement in advance of the
6  initial Case Management Conference ("CMC") set for November 3, 2015, in the above-captioned
7  action.  In addition, the Parties have moved for preliminary approval of a class action settlement
8  which, if finally approved, will fully resolve the entire action.  Accordingly, the parties
9  respectfully request that, in the interest of judicial efficiency, all litigation and case management
10 deadlines be stayed pending the outcome of the settlement approval process.

**A.   Jurisdiction and Service**

On August 4, 2015, Plaintiffs on behalf of themselves and all other similarly situated persons, filed their Complaint for this action in the United States District Court, Northern District of California, in the San Francisco Division.  The Court has original subject-matter jurisdiction over this action pursuant to 28 United State Code ("U.S.C.") § 1332(d).  There are no issues regarding personal jurisdiction or venue.  Plaintiffs have completed service as to the only defendant named in this action, Venus Laboratories, Inc.

**B.   Facts and Legal Issues**

This class action concerns Defendant's allegedly false and misleading marketing, advertising, and labeling of its Earth Friendly brand household cleaning products ("Earth Friendly Products" or "Products") as natural, derived from plants, free from harmful chemicals, and/or gentle.  Plaintiffs allege that despite Defendant's representations, the Earth Friendly Products are in fact composed of certain ingredients that are processed, synthetic, and not natural.  For example, many of the Earth Friendly Products include Methylisothiazolinone ("MIT") – a chemical that Plaintiffs allege is both synthetic and a severe allergen for a large percentage of people.  Plaintiffs seek to represent a class of persons throughout the United States who, like themselves, purchased the Products under the erroneous belief that the Products were natural based on Defendants representations.  The primary goals of Plaintiffs' case are to: (1) halt

Defendant's allegedly deceptive marketing, advertising, and labeling of the Products as natural, thereby protecting future consumers; (2) require Defendant to remove MIT as an ingredient or disclose that MIT can cause significant skin problems; and (3) disgorge any premiums Defendant obtained as a result of its alleged misrepresentations, thereby compensating consumers for past wrongdoings.

Plaintiffs' Complaint seeks relief on behalf of a proposed nationwide Class of purchasers of the Products pursuant to the express warranty laws of all states and the District of Columbia. The Complaint also seeks relief on behalf of two proposed Sub-Classes – one of California purchasers and one of Washington purchasers – pursuant to the consumer protection and false advertising laws of those states.  *See* Cal. Civ. Code § 1750, *et seq.*; Cal. Bus. & Prof. Code § 17200, *et seq.*; Cal. Bus. & Prof. Code §§ 17580-17581; and Wash. Rev. Code § 19.86, *et seq.* Finally, the Complaint seeks relief on behalf of the California Sub-Class for Defendant's alleged violations of the California Organic Products Act's ("COPA") restrictions on selling, labeling, or representing cosmetic products as organic or made with organic ingredients unless the products contain a minimum of 70 percent organically produced ingredients.  *See* Cal. Health & Safety Code § 110810, *et seq.*

The Parties have engaged in lengthy and comprehensive settlement discussions, which culminated in reaching a settlement that accomplishes Plaintiffs' primary goals for this case.[1] If approved, the settlement will remedy Defendant's alleged misconduct and compensate the proposed class for a significant portion of their alleged damages.  In exchange for a release of Plaintiffs' and the class' claims, Defendant has agreed to undertake several remedial measures, including modifying its labels and website, changing one ingredient, along with providing the monetary compensation pursuant to the terms of the settlement.

### C. Motions

On September 29, 2015, Plaintiffs submitted a motion for preliminary approval of the

---

[1] Although the action was filed in August of this year, each of the plaintiffs independently served Defendant with a pre-suit demand nine and six months prior to filing the complaint.  The Parties spent the intervening months exchanging informal discovery and negotiating the settlement which is now before the Court.

1  proposed settlement.  This motion will be heard by the Court on the same day at the same time as
2  the present CMC.

3  **D.     Amendment of Pleadings**

4  The Parties do not anticipate adding or dismissing any parties, claims, or defenses in this
5  case.

6  **E.     Evidence Preservation**

7  The Parties have taken appropriate steps to ensure the preservation of all information,
8  documents, and tangible items that are relevant to Plaintiffs' claims in this action.

9  **F.     Disclosures**

10 The Parties have not exchanged their initial disclosures pursuant to Federal Rules of Civil
11 Procedure (F.R.C.P.") Rule 26(a).  However, the Parties have informally exchanged extensive
12 information to further their settlement negotiations.  The Parties request postponing their formal
13 exchange of initial disclosures until after the Court rules on Plaintiffs' preliminary settlement
14 approval motion.

15 **G.     Discovery**

16 As discussed above and in Plaintiffs' memorandum of points and authorities in support of
17 their motion for preliminary approval of the settlement, the Parties have informally exchanged
18 extensive information to further their settlement negotiations.  Due to the pending preliminary
19 settlement approval motion, the Parties request delaying discussions regarding a discovery plan.
20 There are no discovery disputes at this time.

21 **H.     Class Action**

22 Pursuant to Rule 23 of the F.R.C.P., Plaintiffs bring this case as a class action on behalf of
23 Plaintiffs and the proposed class which is defined as follows:

24
> All United States residents who purchased the Products within the United
25 > States during the period from January 23, 2011 through the date of the
> Preliminary Approval Order. Excluded from the Nationwide Class are any
26 > of Defendant's officers, directors, or employees; officers, directors, or
> employees of any entity in which Defendant currently has or has had a
27 > controlling interest; and Defendant's legal representatives, heirs,
> successors, and assigns.
28

(the "Class"). There are also two proposed sub-classes in this case. Plaintiff Baharestan brings this action pursuant to Rule 23 on behalf of herself and all other similarly situated Californians (the "California Sub-Class"), defined as follows:

> All persons who purchased the Products within the state of California during the period from January 23, 2011 through the date of the Preliminary Approval Order. Excluded from the Nationwide Class are any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

Plaintiff McIntyre brings this action pursuant to Rule 23 on behalf of herself and all other similarly situated Washington residents (the "Washington Sub-Class"), defined as follows:

> All persons who purchased the Products within the state of Washington during the period from January 23, 2011 through the date of the Preliminary Approval Order. Excluded from the Nationwide Class are any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

As further described in the Complaint and Plaintiffs' memorandum of points and authorities in support of their motion for preliminary approval of the settlement, the criteria for class certification under Rule 23(a) are satisfied. Class certification is also appropriate under Rule 23(b)(2) and (b)(3) of the F.R.C.P. In the pending preliminary approval motion, the Parties request that the Court provisionally certify the class.

### I.     Related Cases

On August 31, 2015, Plaintiff Angela Barnes, on behalf of herself and all other similarly situated parties in Illinois, filed a similar class action complaint against Defendant in the Illinois Circuit Court of St. Clair County, *Barnes v. Venus Laboratories, Inc.*, Case No. 15-L-491. This complaint focuses on Plaintiff Angela Barnes state law claims regarding Defendant's alleged false and deceptive advertising of its ECOS brand laundry detergents as natural. There is also a case pending in Suffolk County, Massachusetts, *Smith v. Earth Friendly Products,* Case No. SUCV2013-03342-BLS1, seeking to assert similar claims on behalf of a class of Massachusetts

1  purchasers of Dishmate brand dish soap products.

2  **J.**     **Relief**

3  As a result of Defendant's alleged violations, Plaintiffs seek relief in the form of the terms
4  agreed to in the proposed settlement.  These settlement terms are described at length in Plaintiffs'
5  memorandum of points and authorities in support of their motion for preliminary approval of the
6  settlement.

7  **K.**     **Settlement and ADR**

8  The Parties already engaged in a full-day mediation with the Honorable Morton Denlow
9  (Ret.) in Chicago, Illinois on June 1, 2015.  The mediation resulted in the principle terms of the
10 settlement that is before the Court for preliminary approval.

11 **L.**     **Consent to Magistrate Judge for all Purposes**

12 The parties consent to have a magistrate judge conduct all further proceedings in this case.

13 **M.**     **Other References**

14 This case is not suitable for reference to binding arbitration, a special master, or the
15 Judicial Panel on Multidistrict Litigation at this time.

16 **N.**     **Narrowing of Issues, Expedited Trial Procedure, Scheduling, and Trial**

17 The Parties request that the Court defer any discussions regarding trial until a later date due
18 to the pending settlement.

19 **O.**     **Disclosure of Non-Party Interested Entities or Persons**

20 The Parties have each filed their respective Certification of Interested Parties in accordance
21 with Civil Local Rule 3-15.

22 **S.**     **Professional Conduct**

23 All attorneys of record have reviewed the Guidelines for Professional Conduct for the
24 Northern District of California.

25
26
27
28

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  October 27, 2015 | LEXINGTON LAW GROUP |
|  | */s/ Mark N. Todzo*<br>Mark N. Todzo<br>*Attorneys for Plaintiffs REBEKAH BAHARESTAN and JENA MCINTYRE* |
| Dated: October 27, 2015 | HALUNEN LAW |
|  | */s/ Melissa W. Wolchansky*<br>Melissa W. Wolchansky<br>*Attorneys for Plaintiffs REBEKAH BAHARESTAN and JENA MCINTYRE* |
| Dated:  October 27, 2015 | DRINKER BIDDLE & REATH LLP |
|  | */s/ Daniel J. Delaney*<br>Daniel J. Delaney<br>*Attorneys for Defendant VENUS LABORATORIES, INC., dba EARTH FRIENDLY PRODUCTS, INC.* |

## CASE MANAGEMENT ORDER

Having reviewed the Case Management Statement of the Parties and good cause appearing, the Court hereby withholds from setting any litigation and/or case management deadlines pending the outcome of the settlement approval process.

**SO ORDERED.**

DATED:_____     _____
                                Hon. Elizabeth D. Laporte
                                United States Magistrate Judge