UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REBEKAH BAHARESTAN and JENA MCINTYRE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>VENUS LABORATORIES, INC., dba EARTH FRIENDLY PRODUCTS, INC.,<br><br>    Defendant. | Case No. 3:15-cv-03578-EDL<br><br>**[~~PROPOSED~~] ORDER AND FINAL JUDGMENT AS MODIFIED** |

On the 15th day of March 2016, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Class Settlement Agreement filed with the Court on September 29, 2015 (the "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendant Venus Laboratories, Inc., d/b/a Earth Friendly Products, Inc.'s, ("Venus" or "Defendant") in the above-captioned action now pending in this Court, including the release of Defendant; and, (2) whether judgment should be entered dismissing the above-captioned action on the merits and with prejudice in favor of the Defendant and as against all persons or entities who are members of the Class herein who have not previously and effectively requested exclusion therefrom.

The Court having considered all matters submitted to it at the hearing and otherwise, and confirming that a notice of the proposed settlement and hearing was published in the manner previously approved of by the Court:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of the Complaint, Class Representatives, all Class Members, and Defendant.

2. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Settlement.

3. The Court finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Class Representatives are typical of the claims of the Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent

the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies for purposes of settlement the above-caption actions as a class action on behalf of the Settlement Class, defined as:

> All persons who, during the Class Period, both resided in the United States and purchased in the United States any of the Earth Friendly Products for their household use or personal consumption and not for resale. Excluded from the Settlement Class are: (a) Venus's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

5. Persons who properly excluded themselves from the Class are listed on Exhibit 1 annexed hereto.

6. The form, content and method of notifying the Class of the Settlement of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7. The Settlement is the product of substantial, good faith, arm's length negotiations between and among the parties and, pursuant to Federal Rule of Civil Procedure 23, is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement.

8. The settlement is fair, adequate, and reasonable.

9. The Complaints are hereby dismissed with prejudice and, except as provided in the Settlement, without costs to the Defendant.

10. Halunen Law and The Lexington Law Group are appointed as "Class Counsel" under Rule 23(g).

11. The Class Representatives and members of the Class, and each of their successors, assigns, heirs, and personal representatives, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action, or cause of every kind and description that Plaintiffs and each member of the Settlement Class had or have, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been asserted by the Class Representatives or members of the Class in the Action, arising out of or relating to the allegations in the Complaint and the labels or advertising of any Earth Friendly Products purchased by Plaintiffs and any members of the Settlement Class, set forth or referred to in Paragraph 2.25 of the Class Settlement Agreement (the "Released Claims"), against the Defendant, each of its affiliated entities, subsidiaries, predecessors, and successors, distributors, retailers, customers, and assigns, including the present and former directors, officers, employees, shareholders, agents, insurers, partners, privies, representatives, attorneys, accountants, and all persons acting by, through, under the direction of, or in concert with them, pursuant to Paragraph 2.26 of the Class Settlement Agreement (the "Released Persons"). The Released Claims includes only those claims arising out of or relating to the allegations in the Complaint and the labels or

advertising of any Earth Friendly Products and does not include any other products or any claims for bodily injury. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.  Neither this paragraph nor the Released Claims as set forth in the Class Settlement Agreement apply to claims or actions of a governmental unit or agency.

12.   The Parties shall consummate the Settlement according to the terms of the Class Settlement Agreement.

13.   Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation, enforcement and/or implementation of the Settlement and this Order and Final Judgment.

14.   This Judgment and all provisions thereof, and the Settlement, shall bind each Class Member.

**IT IS SO ORDERED.**

DATED: March 16, 2016

_____
The Honorable Elizabeth D. Laporte
United States Magistrate Judge