LEXINGTON LAW GROUP
Mark N. Todzo, State Bar No. 168389
Abigail Blodgett, State Bar No. 278813
503 Divisadero Street
San Francisco, CA  94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
ablodgett@lexlawgroup.com

HALUNEN LAW
Melissa W. Wolchansky
Charles D. Moore (pro hac vice pending)
80 South Eighth Street, Suite 1650
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
wolchansky@halunenlaw.com
moore@halunenlaw.com

*Court Appointed Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| REBEKAH BAHARESTAN and JENA MCINTYRE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VENUS LABORATORIES, INC., DBA EARTH FRIENDLY PRODUCTS, INC.,<br><br>Defendant. | Case No. 3:15-cv-03578-EDL<br><br>**STIPULATION TO AMEND ORDER GRANTING ATTORNEYS' FEES AND [PROPOSED] AMENDED ORDER**<br><br>Judge: Hon. Elizabeth D. Laporte |

1  Plaintiffs Rebekah Baharestan and Jena McIntyre, on behalf of themselves and all others
2 similarly situated (collectively, "Plaintiffs") and Defendant Venus Laboratories, Inc. d/b/a Earth
3 Friendly Products, Inc. ("Defendant") (collectively, the "Parties") hereby stipulate as follows:
4  WHEREAS, the Parties entered into a class action settlement (the "Settlement") on
5 September 29, 2015 (ECF No. 15-2);
6  WHEREAS, the Settlement was preliminarily approved by the Court on November 5, 2015
7 (ECF No. 23);
8  WHEREAS, in preliminarily approving the Settlement, the Court considered, among other
9 things, that Plaintiffs' lodestar incurred in this case exceeded their request for attorneys' fees and
10 costs, as explained in the Supplemental Declaration of Mark N. Todzo (ECF No. 22);
11  WHEREAS, pursuant to the Court's Order requiring Plaintiffs to file a Motion for
12 Attorneys' Fees, Costs, and Expenses by January 15, 2016 (ECF No. 23 at 10:15), Plaintiffs filed
13 their Motion for an Award of Attorneys' Fees, Costs, and Service Awards on January 15, 2016,
14 which requested $277,500 as a reimbursement of their attorneys' fees and costs (ECF No. 29);
15  WHEREAS, the Court considered Plaintiffs' Motion and arguments in favor of granting
16 Plaintiffs' Motion for $277,500 in attorneys' fees and costs at the March 15, 2016 hearing;
17  WHEREAS, Plaintiffs' submitted a proposed order in support of the Motion for Final
18 Approval on January 15, 2016, ECF 29-4, that unfortunately contained a typographical error
19 stating that the Court awards Plaintiffs $227,500 in attorneys' fees and costs, rather than $277,500;
20  WHEREAS, at the Fairness Hearing, the Court stated that it would likely approve the full
21 amount of attorneys' fees and costs requested by Plaintiffs;
22  WHEREAS, the Court granted Plaintiffs' Motion on March 16, 2016 (ECF No. 39);
23  WHEREAS, the record in this case repeatedly shows that the correct amount of attorneys'
24 fees and costs is $277,500, including ECF No. 15 at 7:11 & 8:23 (Plaintiffs' Memorandum of
25 Points and Authorities in Support of their Motion for Preliminary Approval of the Settlement),
26 ECF No. 15-2 at ¶¶ 8.1 & 8.2, Exhs. B, C & D (the Settlement), ECF No. 28 at 5:3 (Plaintiffs'
27 Motion for Final Approval of the Settlement), ECF No. 29 at vii:8, 1:5-6, 1:19-21, 8:19, 11:23 &
28

-1-
STIP. TO AMEND ORDER GRANTING ATTORNEYS' FEES AND [PROPOSED] ORDER
Case No. 3:15-cv-03578-EDL

19:19 (Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards), and ECF No. 30 at 11:11 (Objection of Steven Franklyn Helfand);

WHEREAS, in the Settlement, Defendant agreed "not [to] appeal any order with respect to the award of Attorneys' Fees and Expenses provided that the order does not award Attorneys' Fees and Expenses in excess of the amount stated in Section 8.1" (ECF No. 15-2, § 8.4);

THE PARTIES HEREBY STIPULATE AND REQUEST that the Court enter the Proposed Amended Order *nunc pro tunc* to correct the attorneys' fees and costs amount.

**IT IS SO STIPULATED.**

Dated:  April 22, 2016          LEXINGTON LAW GROUP

*/s/ Mark N. Todzo*
Mark N. Todzo
*Attorneys for Plaintiff Rebekah Baharestan and Class*

Dated:  April 22, 2016          HALUNEN LAW

*/s/ Melissa W. Wolchansky*
*Attorneys for Plaintiff Jena McIntyre and Class*

Dated:  April 22, 2016          DRINKER BIDDLE & REATH LLP

*/s/ Daniel J. Delaney*
*Attorneys for Defendant Venus Laboratories, Inc.*
*d/b/a Earth Friendly Products, Inc.*

**[PROPOSED] AMENDED ORDER**

This matter having come before the Court on March 15, 2016, on the motion of Plaintiffs for an award of attorneys' fees, the reimbursement of expenses incurred by Plaintiffs' Counsel in the above captioned action, and the payment of a service award to each Plaintiff, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of the Complaint, Class Representatives, all Class Members, and Defendant.

2. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Settlement.

3. The Court hereby awards Plaintiffs' Counsel attorneys' fees and expenses of $277,500 to be paid from the Settlement Fund. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

4. The awarded attorneys' fees and expenses shall be paid subject to the terms, conditions and obligations of the Settlement, and in particular ¶8.2 thereof, which terms, conditions and obligations are incorporated herein.

5. A service award is awarded to the following Plaintiffs in the amounts indicated: Rebekah Baharestan, $1,500; and Jena McIntyre, $1,500. Such an award is reasonable considering each Plaintiff's active participation in this action, as attested to by the declarations submitted to the Court. Payment of the incentive awards shall be made pursuant to the Settlement, in particular ¶8.5 thereof.

6. Pursuant to the Settlement, ¶10.14, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Class Settlement Agreement and the

1  Parties to the Class Settlement Agreement submit to the jurisdiction of the Court for those
2  purposes.

4  **IT IS SO ORDERED.**

7  DATED:  April 25, 2016          _____
                                    The Honorable Elizabeth D. Laporte
                                    United States Magistrate Judge